UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID WEINHOFFER, as liquidating Trustee of OFFSHORE SPECIALTY FABRICATORS LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11175-WBV-JVM** |
| **DAVIE SHORING, INC.** | **SECTION D(1)** |

### ORDER

Before the Court is defendant Davie Shoring, Inc.'s Rule 12(b)(6) Motion to Dismiss Count II and Count III of Plaintiff's Complaint.[1] The Motion is opposed,[2] and Defendant has filed a Reply.[3] Also before the Court is a Motion for Voluntary Dismissal of Count I of Complaint, filed by plaintiff, David Weinhoffer as liquidating trustee of Offshore Specialty Fabricators ("Plaintiff").[4] Plaintiff's Motion is opposed,[5] and Plaintiff has filed a Reply.[6] After careful consideration of the parties' memoranda and the applicable law, the Court gives Plaintiff until Friday, July 31, 2020 to withdraw the Motion for Voluntary Dismissal of Count I of Complaint. Defendant's Motion to Dismiss Count II and Count III of Plaintiff's Complaint is **DENIED without prejudice**.

---

[1] R. Doc. 18.
[2] R. Doc. 24.
[3] R. Doc. 26.
[4] R. Doc. 59.
[5] R. Doc. 70.
[6] R. Doc. 78.

I.  FACTUAL BACKGROUND

On October 1, 2017, Offshore Specialty Fabricators LLC ("OSF") filed for bankruptcy in the United States Bankruptcy Court, Southern District of Texas (the "Bankruptcy Court").[7] On October 28, 2018, the Bankruptcy Court issued an Order confirming the official committee of unsecured creditors of OSF's First Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code, and approved David Weinhoffer as the Liquidating Trustee of the Liquidating Trust.[8] On December 5, 2018, OSF and Weinhoffer entered into a Liquidating Trust Agreement, which vests in Weinhoffer the right to pursue any and all portions of the Liquidating Trust Assets.[9] OSF sought the Bankruptcy Court's approval of a sale of its non-barge assets on behalf of the Trust, including a large housing module (hereafter, "the Module"). The Bankruptcy Court approved OSF's request and the sale of the Module pursuant to a public bid process.[10]

On April 24, 2018, OSF entered into an Auction Agreement with Henderson Auctions in which OSF agreed to sell the Module to the highest bidder.[11] On May 16, 2018, the Module was placed for sale via online auction.[12] Defendant, Davie Shoring, Inc., placed the highest bid at $177,500 to purchase the Module. Defendant, however, did not remit payment for the Module.[13] Plaintiff alleges that on August 5, 2018,

---

[7] R. Doc. 1 at p. 2.
[8] *Id.* at p. 3.
[9] *Id.*
[10] *Id.* at p. 4.
[11] *Id*
[12] *Id.*
[13] *Id.* at p. 5.

2

OSF placed the Module for sale via auction a second time. OSF sold the Module to Tom Marine & Salvage on January 16, 2019, for $6,000.[14]

On June 12, 2019, Weinhoffer, as liquidating trustee of OSF ("Plaintiff"), filed a Complaint against Davie Shoring, Inc. to recover for the failed auction sale on May 16, 2018.[15] Plaintiff asserts three claims in the Complaint: (I) failure of Defendant to pay the bid price; (II) breach of sale contract; and (III) detrimental reliance.

On March 9, 2020, Defendant filed the instant Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Count II and Count III of Plaintiff's Complaint,[16] asserting that Louisiana's auction - law, La. R.S. 9:3151, *et seq.*, which is the basis for Count I in Plaintiff's Complaint, provides the sole and exclusive remedy for damages once a party decides to place property for sale a second time.[17] As such, Defendant argues that Counts II and III must be dismissed. Plaintiff opposes the Motion, asserting that there is no legal authority to support Defendant's assertion that once OSF proceeded with a second auction sale under La. R.S. 9:3161, it is precluded from pursuing any other remedies.[18] Plaintiff argues that La. R.S. 9:3161 is silent on the issue and that longstanding jurisprudence interpreting Louisiana auction law and the predecessor statute to La. R.S. 9:3161 allows OSF to pursue any of the remedies available to it under the law, including breach of contract and detrimental reliance.[19]

---

[14] *Id*
[15] R. Doc. 1.
[16] R. Doc. 18.
[17] R. Doc. 18 at pp. 3-4 (citing *Guillotte v. Jennings*, 4 L.Ann. 242, 243, 1849 WL 3879, at *1 (La. 1849); *Pettepher v. Pailet*, 172 So.2 337, 339 (La. App. 1964); *McLellan v. Rosser*, 4 Teiss. 138, 140, 1905 WL 1565, at *3 (La. App. Orleans 1905)).
[18] R. Doc. 24.
[19] *Id*. at p. 1 (citing *Municipality No. 2 v. Hennen*, 14 La. 559, 572 (1840); *McLellan v. Rosser*, 4 Reiss 138 (La. Ct. App. 1905)).

In response, Defendant asserts that, while the remedies of a seller at auction are cumulative initially, once a seller elects to conduct a second auction and avail himself of the harsh remedies of Louisiana's auction law, he may not later prosecute those claims.[20] Defendant argues that an aggrieved seller at auction must choose from one of the following three remedies: (1) suit for specific performance; (2) suit for breach of contract; or (3) proceed with second auction sale, and once the seller proceeds with, and concludes, a second auction sale, he cannot subsequently sue for breach of contract or specific performance.[21]

Thereafter, on June 12, 2020, Plaintiff filed a Motion for Voluntary Dismissal of Count I of Complaint, seeking dismissal without prejudice of Plaintiff's claim for Defendant's failure to pay the bid price pursuant to La. R.S. 9:3161.[22] In the Motion, Plaintiff asserts that it learned that ownership of the Module was transferred by OSF to Offshore Express, LLC prior to the second auction.[23] Plaintiff claims that Henderson Auctions conducted the second auction on behalf of the owner, Offshore Express, LLC.[24] In light of this information, Plaintiff seeks dismissal without prejudice of Count I because La. R.S. 9:3161, upon which Count I is based, may prohibit a cause of action where the auctions do not have identical sellers.[25] Defendant opposes the Motion, asserting that Count I of the Complaint should be dismissed with prejudice because Plaintiff asserted a claim he knew or should have

---

[20] R. Doc. 26.
[21] *Id.* (citing *Miltenberger v. Hill*, 17 La.Ann. 52, 58, 1865 WL 3008, at *6 (La. 1865); *McLellan v. Rosser*, 4 Teiss. 138, 140, 1905 WL 1565, at *3-4 (La. App. Orleans 1905)).
[22] R. Doc. 59.
[23] R. Doc. 59-1 at pp. 1-2.
[24] *Id.* at p. 2.
[25] *Id.* at p. 2.

known was not true and accurate, and Defendant spent considerable time and resources defending the erroneous and false claim.[26] Defendant claims that Plaintiff transferred the Module to a creditor and sister company, Offshore Express, LLC, along with other assets of the bankruptcy debtor in exchange for release of $57 million in unsecured claims filed by Offshore Express, LLC and other companies commonly owned with the debtor.[27] Defendant argues that Plaintiff must have known that the Module had been transferred because Weinhoffer personally executed the transfer agreement months before the Complaint was filed.[28]

In response, Plaintiff asserts that OSF did not receive any money in exchange for the Module, even though it was transferred with other assets.[29] Plaintiff asserts that because the deadline for amending pleadings had already passed by the time it learned of the transfer of the Module to Offshore Express, LLC, it decided to seek voluntarily dismissal without prejudice of Count I.[30] Plaintiff further asserts that Defendant was aware of the transfer of the Module to Offshore Express, LLC and the error in the Complaint "long before the Plaintiff" and complains that Defendant "never brought it to the attention of Plaintiff's counsel, in an attempt to game the system with it's [sic] baseless Rule 12(b)(6) Motion to Dismiss."[31] As a result, Plaintiff contends that Defendant will not be prejudiced if Count I of the Complaint is dismissed without prejudice.

---

[26] R. Doc. 70 at p. 1.
[27] *Id.* at p. 2.
[28] *Id.*
[29] R. Doc. 78.
[30] *Id.* at p. 2.
[31] *Id.* at p. 7.

5

On July 7, 2020, the Court Ordered the parties to file supplemental briefing on two issues: (1) whether La. R.S. 9:3161 can allow Plaintiff a right to recover when OSF was not the seller in the second auction; and (2) evidence proving that OSF did not receive a monetary benefit other benefit as part of its transfer of the Module to Offshore Express, LLC.[32] In its supplemental brief, Plaintiff cites the same case cited in its Opposition brief to Defendants' Motion to Dismiss to support its position that the same party need not own the item during the first and second auctions to recover under La. R.S. 9:3161 so long as the auction benefits the first seller.[33] Plaintiff contends that the case, which dates back to 1840, suggests that the important issue for purposes of recovery under La. R.S. 9:3161 is whether the plaintiff is the injured party.[34] Plaintiff cites a Louisiana Supreme Court case from 1858 for the same proposition.[35] Under this standard, Plaintiff argues that the party seeking damages in this case is the same party who suffered damages when Defendant defaulted on its bid.[36] Plaintiff submitted an Affidavit from Weinhoffer and excerpts from Weinhoffer's deposition to support his assertion that OSF did not receive a monetary benefit or other benefit as part of its transfer of the Module to Offshore Express, LLC.[37]

Defendant asserts in its supplemental brief that it has no additional documents showing that OSF obtained anything of value when it transferred the

---

[32] R. Docs. 89 & 90.
[33] R. Doc. 92 at p. 3 (citing *Municipality No. 2 v. Hennen*, 14 La. 559, 560 (1840)). *See* R. Doc. 24 at p. 1.
[34] R. Doc. 92 at p. 3.
[35] *Id.* (citing *Washburn v. Green*, 13 La.Ann. 332, 333 (La. 1858)).
[36] R. Doc. 92 at p. 5.
[37] *Id.* (*citing* R. Docs. 92-1 & 92-2).

Module to Offshore Express, LLC.[38] Nonetheless, Defendant claims that the August 24, 2018 Disclosure Statement of the Official Committee of OSF's Unsecured Creditors represented that the Module had an estimated value of up to $150,000, and that OSF's affiliates, including Offshore Express, LLC, supported the Disclosure Statement.[39] Defendant claims that Plaintiff acknowledged and verified his belief in the reasonableness of the valuation of the Module and other OSF assets in the Disclosure Statement in an Affidavit filed in Support of the First Amended Disclosure Statement of the Official Committee of Unsecured Creditors.[40] As such, Defendant maintains that the Module had a value of $150,000. Defendant also maintains that the plain language of La. R.S. 9:3161 is clear that the statute does not apply when the seller at the first auction is not the seller at the second auction.[41]

## II. LEGAL STANDARD

### A. Motion to Dismiss

To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[42] A claim is plausible if it is pleaded with factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[43] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[44] In ruling on a motion to dismiss, the Court accepts all well-

---

[38] R. Doc. 91 at pp. 1-3.
[39] *Id*. at pp. 2-3 (*citing* R. Doc. 91-3).
[40] R. Doc. 91 at p. 3 (*citing* R. Doc. 91-5).
[41] R. doc. 91 at pp. 3-4.
[42] *Romero v. City of Grapevine, Tex.*, 888 F. 3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[43] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).
[44] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F. 3d 1029, 1032 (5th Cir. 2010) (per curiam).

pleaded facts as true and views those facts in the light most favorable to the plaintiff.[45] However, the allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[46] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[47]

### B. Louisiana Auction Law

As evidenced by the parties' briefs, pertinent jurisprudence regarding Louisiana's auction law is lacking in recent years. The cases that are most applicable in this case, and which are cited by the parties, date back to the late 1800's. As such, the Court considers several additional legal sources. One such source is Louisiana Revised Statutes 9:3161,[48] which provides the following:

> In all cases of sale by auction, whether of movables or immovables, if the person to whom adjudication is made, does not pay the price at the time required, agreeably to the two preceding articles, the seller at the end of ten days, and after the customary notices, may again expose to public sale the thing sold, as if the first adjudication had never been made; and if at the second crying, the thing is adjudged for a smaller price than that which had been offered by the person to whom the first adjudication was made, the latter remains a debtor to the vendor, for *the deficiency and for all the expenses incurred subsequent to the first sale.* But if a higher price is offered for the thing than that for which it was first adjudged, the first purchaser has no claim for the excess.[49]

Another source is Louisiana Civil Code article 2611, which states:

> When the buyer fails to perform a contract of sale of movable things, the seller, within a reasonable time and in good faith, may resell those

---

[45] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[46] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).
[47] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).
[48] "The sale by auction is that which takes place when the thing is offered publicly to be sold to whoever will give the highest price." La. R.S. 9:3151.
[49] La. R.S. 9:3161 (emphasis added).

> things that are still in his possession. In such a case the seller is entitled to recover the difference between the contract price and the resale price. *The seller may recover also other damages, less the expenses saved as a result of the buyer's failure to perform.*
> Unless the things are perishable or subject to rapid decline in value, the seller must give the buyer reasonable notice of the public sale at which the things will be resold, or of his intention to resell the things at a private sale.[50]

Comments to Article 2611 indicate that the basic assumption, which applies to the case at hand, is that the resale price is lower than the contract price.[51] Comments to the article declare that the seller is not under a duty to resell: "That is why he does not forego other remedies if he chooses not to resell."[52] However, the comments do not provide guidance on whether the other remedies are foregone if, in the alternative, the seller chooses to resell. The article itself states that the seller is entitled to other damages, in addition to recovering the difference between the contract price and resale price. Although Article 2611 does not state what those damages would be, the following excerpt from the Louisiana Civil Law Treatise on Louisiana Sales Law provides some guidance:

> The seller is "entitled to recover the difference between the contract price and the resale price." In addition, article 2611 permits the seller to recover "other damages" that article 2611 does not specify. The seller would be entitled generally to damages based upon his expectation under the contract, including lost profit on the transaction. Say that the seller's total cost of goods was $80, the buyer contracted to buy for $100, and the seller resells for $70. Article 2611 makes clear that the seller may recover $10 based on the resale at a loss. The seller's other damages under the article would normally include the seller's expectation of

---

[50] La. Civ. Code art. 2611 (emphasis added)
[51] La. Civ. Code art. 2611, cmt(d).
[52] La. Civ. Code art. 2611, cmt(e).

9

profit on the contract, or $20. Article 2611 would support a recovery of $30 here, both the loss on resale, plus the "other damages."[53]

In a footnote, the Treatise states that in calculating damages, any cost the seller saved by not performing his contract would be deducted.[54] Therefore, the damages appear to be limited to the seller's expectation under the contract, not punitive damages of interest plus attorney's fees.

The Treatise goes on to discuss the seller's obligation to provide reasonable notice of the resale: "The seller in general must give the buyer "reasonable notice" of the resale, which shows that both seller and buyer maintain competing interests in the things themselves. The notice requirement should enable the buyer to protect himself from liability from a low bid price at a public auction."[55]

In *Labauve v. McCabe*, the Louisiana Supreme Court held that in order to hold a delinquent bidder to the damages contemplated in article 2611, "the property offered must be identical in substance and in description, the sale must be made in the same mode or manner and precisely under the same terms and conditions, in the second, as in the first offering or sale."[56] The Louisiana Supreme Court declared this to be held settled doctrine.[57]

### C. Voluntary Motion to Dismiss

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff is able to voluntarily dismiss a claim, but only by court order, on terms that the court considers proper.

---

[53] 24 La. Civ. L. Treatise, Sales § 12:12.
[54] *Id.*
[55] *Id.*
[56] 1882 WL 8876 (La. Mar. 1, 1882), 34 La.Ann. 183, 185.
[57] *Id.*

Unless the order states otherwise, this type of dismissal is without prejudice.[58] As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.[59] "If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice."[60] The harshest of conditions a district court is allowed to craft is a dismissal of a claim or action with prejudice.[61] This decision is reviewed for abuse of discretion.[62]

The United States Court of Appeals for the Fifth Circuit "has warned that, where a district court converts a Rule 41(a)(2) motion for dismissal without prejudice into a motion to dismiss with prejudice, it must be careful to craft conditions that are not overbroad."[63] If such a decision would result in dismissal with prejudice of the entire action, the Court must give the plaintiff the opportunity to withdraw its motion to dismiss.[64]

---

[58] Fed. R. Civ. Proc. 41(a)(2).
[59] *Elbaor v. Tripath Imagining, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).
[60] *Id.* at 318.
[61] *Id.* at 318.
[62] *Id.*
[63] *Cranford v. Morgan Southern Inc.*, 333 F. App'x 852, 855 (5th Cir. 2009) (internal quotation marks omitted) (citing *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir.2002)).
[64] *Cranford v. Morgan Southern Inc.*, 333 F. App'x 852, 855 (5th Cir. 2009) (internal citations omitted). "Other circuits have similarly stated that a court 'upsets notions of fundamental fairness" when, 'in response to a party's request for dismissal without prejudice," it 'grant[s] the request by dismissing with prejudice" but "fail[s] to give the moving party notice of its inclination to impose this extreme remedy.'" *Id.* (citing *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir.1986); *accord Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir.1995); *De Fontanez v. Jefferson Pilot Life Ins. Co.*, No. 93–2268, 1994 WL 424096, at *1 (1st Cir. Aug. 15, 1994); *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994); *Gravatt v. Columbia Univ.*, 845 F.2d 54, 55-56 (2d Cir. 1988)).

### III. ANALYSIS

Based on the allegations contained in the Complaint, specifically that OSF sold the Module at a second auction sale on August 5, 2015, the Court finds that Defendant's Motion to Dismiss Count II and Count II of Plaintiff's Complaint has merit. The Court agrees with Defendant that Louisiana jurisprudence indicates that there are three remedies an aggrieved seller may seek under La. R.S. 9:3161: (1) suit for specific performance; (2) suit for breach of contract; or (3) proceed with a second auction to liquidate its damages, and, in this case, by seeking the third remedy, Plaintiff rendered unavailable the other two remedies.[65]

Nonetheless, both parties have changed their position since the filing of Defendant's Motion to Dismiss. In Plaintiff's Motion For Voluntary Dismissal of Count I of Complaint, Plaintiff seeks dismissal of Count I of the Complaint, stating that, "the first and second auction may not have had identical sellers and the case law interpreting La. R.S. 9:3161 is conflicting as to whether or not this would prohibit a cause of action under the statute."[66] Although Defendant opposes the motion, it does so only to the extent that Plaintiff seeks a dismissal without prejudice, and Defendant argues that Count I should be dismissed with prejudice.[67] Defendant appears to accept Plaintiff's assertion that OSF was not the second seller of the Module, asserting that a dismissal with prejudice is warranted because it spent

---

[65] *See Guillotte v. Jennings*, 4 L.Ann. 242, 243, 1849 WL 3879, at *1 (La. 1849); *Pettepher v. Pailet*, 172 So.2 337, 339 (La. App. 1964); *McLellan v. Rosser*, 4 Teiss. 138, 140, 1905 WL 1565, at *3 (La. App. Orleans 1905)).
[66] R. Doc. 59-1, p. 2 (citing *McKenzie v. Bacon*, 4 So. 65 (La. Feb. 13, 1888); *Labauve v. McCabe*, 1882 WL 8876 (La. Mar. 1, 1882), 34 La.Ann. 183).
[67] R. Doc. 70.

considerable time and energy defending a claim that Plaintiff knew or should have known was not true.

The Court finds it suspect that Plaintiff now claims that the Complaint includes inaccurate and substantive allegations regarding the second auction, which allegations have not been amended and were revealed only two months before trial. Count I of the Complaint is based solely upon La. R.S. 9:3161, which details a remedy when a thing is resold at public sale. Based on the disclosures now made in Plaintiff's Motion to Dismiss Count I, it appears that the following statements in Plaintiff's Complaint are inaccurate: "On August 5, 2018, in accordance with La. R.S. § 9:3151, OSF re-placed the Module for sale by auction in hopes of mitigating its damages. The subsequent highest offer for the Module was $6,000."[68]

The Court finds that, if Plaintiff's representation that it was not the seller at the second auction is accurate, recovery under La. R.S. 9:3161, as alleged in Count I, is wholly inapplicable because that statute applies to a public resale, which Plaintiff now alleges did not occur in this matter. The Court further finds that Defendant would be prejudiced if forced to defend itself against a remedy sought by, and unavailable to, Plaintiff. In light of the information provided by Plaintiff that it was not the seller of the Module during the second auction, the Court believes that dismissal of Count I, with prejudice, is appropriate. Although a dismissal of Count I with prejudice would not result in a dismissal of the entire action, and although the Court has found that it has reason to impose a condition that bars future litigation of

---

[68] R. Doc. 1, ¶¶ 32 & 33.

this claim, the Court, out of an abundance of caution, will give Plaintiff the opportunity to withdraw the Motion for Voluntary Dismissal of Count I of Complaint. Plaintiff shall have until Friday, July 31, 2020 to file a motion to withdraw his Motion for Voluntary Dismissal of Count I of Complaint.

Additionally, because Defendant appears to agree with Plaintiff's assertion that OSF was not the seller at the second auction, the Court denies without prejudice Defendant's Motion to Dismiss Count II and Count III of Plaintiff's Complaint. In the event that Count I remains and Louisiana auction law applies to the matter, Defendant will be allowed to re-urge its Motion to Dismiss Counts II and III of the Complaint.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Davie Shoring, Inc.'s Rule 12(b)(6) Motion to Dismiss Count II and Count III of Plaintiff's Complaint[69] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that David Weinhoffer, as liquidating trustee of Offshore Specialty Fabricators, LLC, shall have until **Friday, July 31, 2020** to file a motion to withdraw his Motion For Voluntary Dismissal of Count I of Complaint.

New Orleans, Louisiana, July 28, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[69] R. Doc. 18.

14