UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID WEINHOFFER, as liquidating Trustee of OFFSHORE SPECIALTY FABRICATORS LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11175** |
| **DAVIE SHORING, INC.** | **SECTION D (1)** |

## ORDER

Before the Court is defendant Davie Shoring, Inc.'s Motion for Partial Summary Judgment.[1] The motion is opposed,[2] and Davie Shoring has filed a reply.[3] Because an issue of material fact exists, the Court denies the motion.

### I. FACTUAL BACKGROUND

On October 1, 2017, Offshore Specialty Fabricators LLC ("OSF") filed for bankruptcy in the United States Bankruptcy Court, Southern District of Texas (the "Bankruptcy Court").[4] On October 28, 2018, the Bankruptcy Court issued an Order confirming the official committee of unsecured creditors of OSF's First Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code, and approved David Weinhoffer as the Liquidating Trustee of the Liquidating Trust.[5] On December 5, 2018, OSF and Weinhoffer entered into a Liquidating Trust Agreement, which vests

---

[1] R. Doc. 60.
[2] R. Doc. 67.
[3] R. Doc. 76.
[4] R. Doc. 1 at p. 2.
[5] *Id.* at p. 3.

in Weinhoffer the right to pursue any and all portions of the Liquidating Trust Assets.[6] OSF sought the Bankruptcy Court's approval of a sale of its non-barge assets on behalf of the Trust, including a large housing module (hereafter, "the Module"). The Bankruptcy Court approved OSF's request and the sale of the module pursuant to a public bid process.[7]

On April 24, 2018, OSF entered into an Auction Agreement with Henderson Auctions in which OSF agreed to sell the Module to the highest bidder.[8] On May 16, 2018, the Module was placed for sale via online auction.[9] Defendant, Davie Shoring, Inc., placed the highest bid at $177,500 to purchase the Module. Although the module was for sale online, Warren Davie of Davie Shoring testified that he placed his bid by calling Jeff McCon of Henderson Auctions.[10] Warren Davie submitted an affidavit in which he attests that he reviewed certain Henderson Auction Terms and Conditions (herein, the "Terms and Conditions"), which included a stipulated damages clause, for the sale of the Module online before the sale.[11] But when questioned at his deposition, Davie could not say where he read the Terms and Conditions.[12] Moreover, McCon states in his affidavit that he had no personal knowledge of the Terms and Conditions.[13]

---

[6] *Id.*
[7] *Id.* at p. 4.
[8] *Id*
[9] *Id.*
[10] R. Doc. 67-3 at 4.
[11] R. Doc. 60-3 at 1 ¶ 4.
[12] R. Doc. 67-3 at 6.
[13] R. Doc. 67-6 at 1 ¶ 4.

Davie Shoring did not remit payment for the Module.[14] On June 12, 2019, Weinhoffer, as liquidating trustee of OSF, filed a Complaint against Davie Shoring, Inc. to recover for the failed auction sale on May 16, 2018.[15]

Defendant Davie Shoring now moves for partial summary judgment.[16] Specifically, Davie Shoring contends that its damages are limited by a stipulated damages clause in the Terms and Conditions which states that "[u]npaid bidders will be declared in default and will be liable for 20% of the bid price or a minimum of $500, whichever is greater."[17] In its Motion for Partial Summary Judgment, Davie Shoring argues that this term was listed on the Henderson Auction website which was used to auction the Module, that Davie reviewed the Terms and Conditions before entering a contract to buy the module, and that enforcement of the stipulated damages clause is not manifestly unreasonable.[18]

In his opposition,[19] plaintiff argues there are issues of material fact regarding whether the Terms and Conditions, including the stipulated damages clause, are binding on the parties. He first argues that stipulated damages provision did not apply to the sale of the Module, as that term is pulled from a digital archive and a review of the digital archive from 2018 shows terms that differ from the ones defendants claim control the contract, including the stipulated damages clause.[20] Plaintiff also argues that Henderson Auctions was not authorized by plaintiff to limit

---

[14] *Id.* at p. 5.
[15] R. Doc. 1.
[16] R. Doc. 60.
[17] R. Doc. 60-2 at 9.
[18] *See generally* R. Doc. 60-1.
[19] R. Doc. 67.
[20] *Id.* at 5-7.

the damages for plaintiff with a stipulated damages clause.[21] Plaintiff next argues that there was no "meeting of the minds" between Davie and Jeff McCon as to the stipulated damages clause, and therefore the clause is either not enforceable or was superseded by the verbal agreement between Davie and McCon.[22] Finally, plaintiff argues that the terms are ambiguous, and if they are to be enforced, they must be enforced along with provisions requiring defendant to pay interest as well as moving/storage fees.[23]

Defendant filed a Reply[24] in which it argues that plaintiff's use of a digital archive to identify the relevant terms is flawed, and that using the website correctly yields a webpage with the full Terms and Conditions, including the stipulated damages clause.[25] Defendant also argues that Henderson Auctions had the authority to set the terms for the sale, including limiting damages, or, alternatively, that Davie acted reasonably in relying on the terms.[26] It further argues that Davie Shoring is not bound by an agreement between Henderson Auctions and plaintiff.[27] Finally, it argues that Davie stated in his affidavit and at his deposition that he reviewed the terms before the auction, so there was necessarily a "meeting of the minds" between the parties.[28]

---

[21] *Id.* at 13-14.
[22] *Id.* at 13-17.
[23] *Id.* at 21-22.
[24] R. Doc. 76.
[25] *Id.* at 6-9.
[26] *Id.* at 3-4.
[27] *Id.* at 5-6.
[28] *Id.* at 4-5.

## II.     LEGAL STANDARD

Summary judgment is proper if the movant shows there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[29] If the movant shows the absence of a disputed material fact, the non-movant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."[30] The Court views facts and draws reasonable inferences in the non-movant's favor.[31] The Court neither assesses credibility nor weighs evidence at the summary judgment stage.[32]

## III.    ANALYSIS

This dispute involved the formation of a contract. "Four elements are necessary for formation of a contract in Louisiana: (1) capacity, (2) consent, (3) certain object, and (4) lawful cause."[33] "A contract is formed by the consent of the parties established through offer and acceptance."[34] "Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent."[35] Moreover, "it is horn book law that the consent of the parties is necessary to form a valid contract and where there is no meeting of the minds between the parties the contract is void for lack of consent."[36] "A party who demands performance of an

---

[29] FED. R. CIV. P. 56(a).
[30] *McCarty v. Hillstone Restaurant Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017).
[31] *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018).
[32] *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (internal citation omitted).
[33] *Philips v. Berner*, 789 So. 2d 41, 45 (La. App. 4 Cir. 2001).
[34] La. Civ. Code art. 1927.
[35] *Id.*
[36] *Philips*, 789 So. 2d at 45.

obligation must prove the existence of the obligation."[37]  The existence or the validity of a contract is a question of fact.[38]

A defendant need not demonstrate numerous issues of fact to defeat a motion for summary judgment; a single disputed issue of material fact will suffice.  Drawing all inferences in favor of plaintiff—as the Court must at this stage[39]—the Court finds that an issue of material fact exists as to whether there was a "meeting of the minds" of the parties regarding the Terms and Conditions that precludes summary judgment. Warren Davie attests in his declaration that he reviewed the Terms and Conditions for the sale of the Module on Henderson Auctions' website "[i]n preparation for participating in the auction."[40]  And in his deposition, he stated that he would have read the Terms and Conditions "at some point" and that "I can't say when I read it, but it was definitely . . . before the auction, yes, in question."[41]  But other portions of Davie's deposition call this into question.  When asked if he reviewed the Terms and Conditions on Henderson Auction's website, Davie stated "I don't know where I read it, I really don't."[42]  Moreover, Davie testified at his deposition that although he was "following [the auction] on [his] iPad" he did not fill out any paperwork to make a bid, but rather communicated his bid to Jeff McCon by telephone.[43]  And McCon specifically testified in his declaration that he has "no personal knowledge of the details of the advertisement prepared by Henderson

---

[37] La. Civ. Code art. 1831.
[38] *Mark A. Gravel Properties, LLC v. Eddie's BBQ, LLC*, 139 So. 3d 653, 658 (La. App. 3 Cir. 2014).
[39] *Vann*, 884 F.3d at 309.
[40] R. Doc. 60-3 at 1 ¶ 4.
[41] R. Doc. 67-3 at 6.
[42] *Id.*
[43] *Id.* at 4.

Auctions for the Module and placed on its webpage, including any terms and conditions for the auction of the Module, outside of what I have been told by others."[44]

This evidence, taken together, is sufficient to create an issue of material fact as to whether there was a "meeting of the minds" between the parties regarding the Terms and Conditions. And because it is "horn book law that . . . where there is no meeting of the minds between the parties the contract is void for lack of consent"[45] this issue of material precludes summary judgment as to the enforceability of the stipulated damages clause.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Davie Shoring, Inc.'s Motion for Partial Summary Judgment[46] is **DENIED**.

New Orleans, Louisiana, August 11, 2020.

*/s/ Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[44] R. Doc. 67-6 at 1 ¶ 4.
[45] *Philips*, 789 So. 2d at 45.
[46] R. Doc. 60.