# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID WEINHOFFER, as liquidating Trustee of OFFSHORE SPECIALTY FABRICATORS LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11175** |
| **DAVIE SHORING, INC.** | **SECTION D (1)** |

## ORDER

Before the Court is plaintiff David Weinhoffer's Motion *in Limine*[1] and defendant's Motion *in Limine*.[2] Both motions are opposed.[3] Plaintiff objects to thirty proposed exhibits, and moves to exclude the testimony of Robert Baker, Scott Gros, Renita Martin, and Brett Berard. Defendant moves to exclude parol evidence concerning plaintiff's transfer of the module at issue in this case. For the reasons that follow, the Court defers consideration of plaintiff's objections to exhibits, and otherwise denies the motions, with the exception of plaintiff's motion to exclude the testimony of Bret Berard, which is granted in part.

## I.   Factual Background

On October 1, 2017, Offshore Specialty Fabricators LLC ("OSF") filed for bankruptcy in the United States Bankruptcy Court, Southern District of Texas (the

---

[1] R. Doc. 100.
[2] R. Doc. 99.
[3] R. Doc. 103 (defendant's opposition); R. Doc. 107 (plaintiff's opposition).

"Bankruptcy Court").[4] On October 28, 2018, the Bankruptcy Court issued an Order confirming the official committee of unsecured creditors of OSF's First Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code, and approved David Weinhoffer as the Liquidating Trustee of the Liquidating Trust.[5] On December 5, 2018, OSF and Weinhoffer entered into a Liquidating Trust Agreement, which vests in Weinhoffer the right to pursue any and all portions of the Liquidating Trust Assets.[6] OSF sought the Bankruptcy Court's approval of a sale of its non-barge assets on behalf of the Trust, including a large housing module (hereafter, "the Module"). The Bankruptcy Court approved OSF's request to sell the module pursuant to a public bid process.[7]

On April 24, 2018, OSF entered into an Auction Agreement with Henderson Auctions in which OSF agreed to sell the Module to the highest bidder.[8] On May 16, 2018, the Module was placed for sale via online auction.[9] Defendant, Davie Shoring, Inc., placed the highest bid at $177,500 to purchase the Module. Davie Shoring did not, however, remit payment for the Module.[10] Defendant argues, among other things, that payment was not required because moving the Module within the time-period required was cost-prohibitive or impossible.[11] Thereafter, OSF transferred the Module to Offshore Express, LLC.[12] Henderson Auctions then conducted a second

---

[4] R. Doc. 1 at 2.
[5] *Id.* at 3.
[6] *Id.*
[7] *Id.* at 4.
[8] *Id*
[9] *Id.*
[10] *Id.* at 5.
[11] R. Doc. 8.
[12] R. Doc. 59.

2

auction for the Module.[13]  On June 12, 2019, Weinhoffer, as liquidating trustee of OSF, filed a Complaint against Davie Shoring, Inc. to recover for the failed auction sale on May 16, 2018.[14]

## II.     Defendant's Motion *in Limine*: Parol Evidence

Defendant moves to exclude parol evidence offered by plaintiff regarding the transfer of the Module from OSF to Offshore Express.[15]  Defendant argues that the transfer agreement clearly states that OSF transferred the Module to Offshore Express for "price and consideration"[16] and therefore plaintiff is barred from presenting extrinsic evidence at trial that it did not receive consideration by the parol evidence rule.  In his opposition, plaintiff retorts that defendant cannot invoke the parol evidence rule because he is not a party to the contract in question, that the terms "price and consideration" are necessarily ambiguous, and that consideration need not be monetary.[17]

Defendant is not a party to the contract between OSF and Offshore Express, nor does it claim to be.  It is black-letter law in Louisiana that the "parol evidence rule applies only to actions between the parties to an act or contract and their privies, and not to actions between the parties and third persons."[18]  Moreover, the Court agrees that the terms "price and consideration" are ambiguous in the contract.  The

---

[13] R. Doc. 59-1 at 2.
[14] R. Doc. 1.
[15] *See* R. Doc. 99
[16] R. Doc. 99-1.
[17] *See* R. Doc. 107.
[18] *Hobbs v. Central Equip. Rentals, Inc.*, 382 So. 2d 238, 243 (La. App. 3 Cir. 1980), *writ denied*, 385 So. 2d 785 (La. 1980); *see also Ultra Pure Water Tech., Inc. v. Standex Intern. Corp.*, 89 So. 3d 1282, 1287 (La. App. 3 Cir. 2012) (same).

transfer agreement does not expressly state any further specific information regarding what was included in the "price" or "consideration." It is "well established that the true cause or consideration for a contract may be shown by parol evidence, even if the true consideration is different from that which is recited in the written act." *McCarroll v. McCarroll,* 701 So. 2d 1280, 1286 (La. 1997). Defendant's motion to exclude parol evidence offered by plaintiff regarding the "price and consideration" as listed in the transfer agreement is therefore denied.

## III. Plaintiff's Motion *in Limine*

### A. Testimony of Robert Baker and Scott Gros

Plaintiff moves to exclude the testimony of Robert Baker and Scott Gros.[19] Baker was purportedly contacted by Davie Shoring after the auction to inspect the Module and advise defendant regarding moving it. Gros is a civil engineer who was purportedly engaged by plaintiff in this litigation to opine on the "condition of substructure and factors preventing the movement of the Module within 60 days."[20] Plaintiff argues that the testimony of Baker and Gros is irrelevant because they viewed the Module only after the sale, that both experts lack a proper method for coming to conclusions, and should therefore be limited from testifying under Federal Rule of Evidence 702 and *Daubert,* and that both experts are merely relating hearsay to the finder of fact, which violates Federal Rule of Evidence 703. In its opposition,

---

[19] R. Doc. 100 at 8-11.
[20] R. Doc. 106.

Davie Shoring argues that that the testimony of both Baker and Gros is relevant, and that experts regularly opine on evidence supplied by third parties.[21]

As an initial matter, the Court finds the testimony from both Baker and Gros relevant, as it directly relates to Davie Shoring's arguments in its Answer that moving the Module within sixty days was impossible. To the extent plaintiff objects to the testimony of Baker and Gros on the grounds of Federal Rule of Evidence 702 and *Daubert,* the Court notes that this matter will be decided by bench trial. "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."[22] "[A] judge in a bench trial should have discretion to admit questionable technical evidence, although of course he must not give it more weight than it deserves."[23] Finally, plaintiff argues that the testimony of Baker and Gros is based on hearsay, and is therefore inadmissible under Federal Rule of Evidence 703. The Court notes that plaintiff's motion itself acknowledges that Baker inspected the Module in-person.[24] Moreover, Federal Rule of Evidence 703 specifically provides that "[a]n expert may base an opinion on facts or data in the case that the expert *has been made aware of* or personally observed."[25] Firsthand knowledge is therefore not required by the Rule. Indeed, inadmissible facts or data may be disclosed "to the jury . . . if their probative value in helping the jury evaluate the opinion substantially outweighs their

---

[21] R. Doc. 103 at 9-12.
[22] *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).
[23] *SmithKline Beecham Corp v. Apotex Corp.*, 247 F. Supp.2d 1011, 1042 (N.D. Ill. 2003).
[24] R. Doc. 100 at 8.
[25] Fed. R. Evid. 703 (emphasis added).

prejudicial effect."[26] Here, as this matter is set for bench trial, there is no jury and the Court can properly weigh the probative value and prejudicial effect of the evidence. The Court therefore will not exclude the testimony of Baker and Gros. Plaintiff may instead rely on "[v]igorous cross-examination [and] presentation of contrary evidence" in order to "attack[] shaky but admissible evidence"[27] and the Court is well-suited to give the evidence the weight it deems appropriate. The Court denies plaintiff's motion to exclude the testimony of Baker and Gros.

### B. Testimony of Renita Martin

Plaintiff moves to exclude the testimony of Renita Martin, an employee of Henderson Auction who is being called for "[c]ertification of records produced by Henderson Auctions on May 26, 2020 in response to subpoena duces tecum issued March 6, 2020 by Davie Shoring, Inc. in this matter."[28] Plaintiff argues Martin was not timely disclosed on defendant's witness list, and was first identified to plaintiff in the Pretrial Order filed after the close of discovery. In its opposition, defendant responds that plaintiff has been aware that Martin was the Henderson Records custodian since May 26, 2020. It further argues that Martin's certification is admissible, and that Martin's live testimony is also admissible—regardless of belated disclosure—as her role at trial is limited to authenticating documents.

The Court denies the motion to exclude Martin's live testimony. It is true Martin was not listed on defendant's witness list.[29] Generally, a witness who is not

---

[26] *Id.*
[27] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 596 (1993).
[28] *See* R. Doc. 100 at 11-12 (motion to exclude); R. Doc. 106 (defendant's witness list).
[29] R. Doc. 40.

disclosed on a witness list may not testify unless the failure to disclose is "substantially justified or is harmless."[30] But here, the failure to disclose Martin is both substantially justified and harmless. Defendant filed its witness list on May 18, 2020, but received the certification from Martin over a week later, on May 26, 2020. Moreover, defendant immediately forwarded Martin's certification to plaintiff's counsel.[31] This sequence of events demonstrates that defendant's failure to include Martin on the witness list was "substantially justified," as defendant did not know she was a potential witness until after the witness list was filed, and promptly informed plaintiff of Martin's certification.

Moreover, defendant's failure to disclose Martin on its witness list was also harmless. Defendant represents that Martin's testimony will be limited to confirming Henderson's document production "and to essentially re-state her Certification."[32] Courts routinely hold that failure to identify a witness whose purpose is limited to authenticating documents is harmless.[33] Finally, because authenticating documents is the sole purpose for which Martin is being offered here, the Court finds the failure to disclose Martin harmless. Had this trial been set in open court, the Court would be inclined to address counsel's apparent dogged requirement for this witness to testify. The Court would remind all counsel of their obligation to work together to

---

[30] Fed. R. Civ. P. 37(c)(1).
[31] R. Doc. 103-2.
[32] R. Doc. 103 at 6.
[33] *See, e.g.*, *Moore v. BASF Corp.*, No. 11-1001, 2012 WL 4344583, at *3 (E.D. La. Sept. 21, 2012) ("In this instance, however, the Court finds that the failure to disclose was harmless if the witness's role at trial is limited to the authentication of documents."); *Am. S. Ins. Co. v. Williamson*, No. 13-cv-689, 2014 WL 7149749, at *2 (S.D. Miss. Dec. 15, 2014).

narrow the issues, streamline the trial, avoid wasting witnesses' time, and to promote judicial economy.

### C. Testimony of Bret Berard

Plaintiff moves to exclude "any expert or opinion testimony by [Bret] Berard."[34] Plaintiff argues that Berard's testimony "regarding his inspection to the substructure and advice to Davie Shoring regarding requirements for lifting and moving the Module" is necessarily "expert" testimony.[35] Defendant counters that "Berard will testify as to the fact of his inspection, his observations and what he told Mr. Davie" and that "Davie has not tendered Mr. Berard as an expert witness."[36]

The Federal Rules of Civil Procedure impose disclosure requirements on proponents of expert testimony.[37] Most experts must provide an expert report pursuant to Rule 26(a)(2)(B).[38] Berard provided no such expert report and was not designated an expert by defendant's counsel. Accordingly, Berard is excluded from offering any expert testimony, or any opinion evidence based on Berard's "knowledge, skill, experience, training, or education."[39] Berard may testify, however, as a fact witness, including to the fact that he performed an inspection of the substructure upon which the Module was placed and offered advice to Davie Shoring regarding requirements for lifting and moving the Module. Therefore, to the extent plaintiff moves to exclude Berard from offering expert testimony, the motion is granted; to the

---

[34] R. Doc. 100 at 12.
[35] *Id.*
[36] R. Doc. 103 at 13.
[37] *See* Fed. R. Civ. P. 26.
[38] Fed. R. Civ. P. 26(a)(2)(B) (requiring a written report for any witness who will provide expert testimony in the case).
[39] Fed. R. Evid. 703.

extent plaintiff moves to exclude Berard from offering any other testimony, including possible opinion testimony under Federal Rule of Evidence 701, the motion is denied.

### D. Objections to Exhibits

The Court defers consideration of plaintiff's objections to exhibits at this time.

## IV. Conclusion

IT IS HEREBY ORDERED THAT defendant's Motion *in Limine*[40] is DENIED. Plaintiff's Motion in *Limine*[41] to exclude the testimony of Robert Baker, Scott Gros, and Renita Martin is DENIED. Plaintiff's Motion *in Limine* to exclude the testimony of Bret Berard is GRANTED IN PART, as Berard is excluded from offering expert testimony.

New Orleans, Louisiana, August 14, 2020.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[40] R. Doc. 99.
[41] R. Doc. 100.