**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DAVID WEINHOFFER, as liquidating**          **CIVIL ACTION**
**Trustee of OFFSHORE SPECIALTY**
**FABRICATORS LLC**

**VERSUS**                            **NO. 19-11175**

**DAVIE SHORING, INC.**              **SECTION: D (1)**

**ORDER AND REASONS**

Before the Court is an *Ex Parte* Motion to Stay Execution of Judgment (R. Doc. 146) and to Approve Supersedeas Bond filed by the Defendant, Davie Shoring, Inc.[1] The Plaintiff, David Weinhoffer, has not filed a response to the Motion. After careful consideration of the Defendant's memoranda, the record, and the applicable law, the Court **GRANTS** the Motion, **APPROVES** the supersedeas bond, and **STAYS** execution of the judgment entered in this case pending appeal.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

As the Court and the parties are well acquainted with the lengthy background of this case,[2] the Court will only recite the facts relevant to the instant Motion.

On April 14, 2023, the Court issued its Amended Findings of Fact and Conclusions of Law, finding that Defendant Davie Shoring, Inc. ("Davie" or "Defendant") was liable in the amount of $189,250.00 to Plaintiff David Weinhoffer ("Weinhoffer" or "Plaintiff").[3] This amount represents the total bid price of $177,500.00 for the 205-man housing Module that Davie failed to pay, plus a ten

---

[1] R. Doc. 156.
[2] *See, e.g.*, R. Doc. 142 at pp. 1–8.
[3] *Id.*

percent buyer's premium of $17,750.00, less $6,000 for Weinhoffer's failure to properly mitigate damages.[4]  Subsequently, on April 27, 2023, the Court entered an Amended Final Judgment into the record in favor of Weinhoffer in the amount of $189,250.00 plus applicable pre- and post-judgment interest.[5]  Davie then timely filed a Motion for New Trial[6] under Fed. R. Civ. P. 59(e), which the Court denied.[7]

Following the denial of its Rule 59 Motion, Davie filed a Notice of Appeal into the record.[8]  Presently before the Court is Davie's Motion to Stay Execution of Judgment (R. Doc. 146) and to Approve Supersedeas Bond in which Davie moves for the Court to stay the execution of its April 27, 2023 Amended Final Judgment and to approve Davie's supersedeas bond in the amount of $281,537.11.[9]  Davie avers that the bond amount represents the full amount of this Court's Judgment, inclusive of interest, plus an additional 20%, as required.[10]  Weinhoffer did not file a response to the Motion.

## II.    LEGAL STANDARD

"Federal Rule of Civil Procedure 62 governs stays of proceedings to enforce judgments."[11]  Rule 62(a) states that, "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its

---

[4] *See id.* at p. 24.
[5] R. Doc. 146.
[6] R. Doc. 147.
[7] R. Doc. 152
[8] R. Doc. 153.
[9] R. Doc. 156.
[10] R. Doc. 156-2.
[11] *Gaddy v. Taylor Seidenbach, Inc.*, Civ. A. No. 19-12926, 2020 WL 815292, at *2 (E.D. La. Feb. 19, 2020) (Fallon, J.).

entry, unless the court orders otherwise."[12]  Rule 62(b) further provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security.  The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."[13]  Rule 62(b) carries forward the supersedeas bond provisions of former Rule 62(d).[14]  The Fifth Circuit has held that former Rule 62(d), which is identical in substance to current Rule 62(b), "entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond."[15]  According to the Fifth Circuit, "[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal."[16]  Additionally, "[t]he posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment."[17]

While Rule 62(b) and its predecessor, former Rule 62(d), do not define the amount or conditions required of a supersedeas bond, the Fifth Circuit has recognized that former Rule 62(d) has been read consistently with its predecessor, Rule 73(d).[18]  According to the Fifth Circuit, former Rule 73(d) "had directed that the amount of the

---

[12] Fed. R. Civ. P. 62(a).

[13] Fed. R. Civ. P. 62(b).

[14] *See* Fed. R. Civ. P. 62, Advisory Committee Notes to 2018 amendment ("Subdivisions (a), (b), (c), and (d) of former Rule 62 are reorganized and the provisions for staying a judgment are revised. . . . Subdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d).  A stay may be obtained under subdivision (b) at any time after judgment is entered.").

[15] *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (citing *Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982) and *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)).

[16] *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979).

[17] *Hebert*, 953 F.2d at 938 (quoting *Westphal*, 829 F.2d at 819) (internal quotation marks omitted).

[18] *Poplar Grove*, 600 F.2d at 1191 (citing authority).

bond be computed by the district court to include 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court . . . fixes a different amount or orders security other than the bond.'"[19]  Local Rule 62.2 of the Eastern District of Louisiana further specifies that "[a] bond or other security staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs, and any damages award, unless the court directs otherwise."  Another Section of this Court has held this to mean that, "120% of a judgment is the appropriate amount for security 'unless the court directs otherwise . . . .'"[20]

## III.   ANALYSIS

The Court first notes that it maintains jurisdiction to issue an order staying this case pending appeal.  "After the filing of a notice of appeal, the trial court retains jurisdiction to modify or grant an injunction pending appeal, to act with regard to appeal and supersedeas bonds, and to aid execution of a judgment that has not been superseded."[21]  "District courts retain jurisdiction to issue a stay while an appeal is pending, even where a notice of appeal has been filed prior to the request for a stay."[22]  The Court therefore finds that it has jurisdiction to address Davie's Motion.

Davie has proffered a bond in the amount of $281,537.11, secured by RLI Insurance Company as surety on behalf of Davie.[23]  According to Davie, that amount

---

[19] *Id.*

[20] *Gaddy v. Taylor Seidenbach, Inc.*, Civ. A. No. 19-12926, 2020 WL 815292, at *2 (E.D. La. Feb. 19, 2020) (*quoting* the Eastern District of Louisiana's Local Civil Rule 62.2).

[21] *United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir. 1980) (citation omitted).

[22] *United States v. Tellez*, Civ. A. No. EP–08–CV–303–KC, 2012 WL 12951152, at *1 (W.D. Tex. Feb. 22, 2012) (citing *In re Miranne*, 852 F.2d 805, 806 (5th Cir. 1988)).

[23] *See* R. Doc. 156-1.

reflects 120% of the Court's award of $189,250.00 plus the $45,364.26 in interest which has accrued since May 17, 2018 and up to the date of the Amended Final Judgment.[24] The Court finds that bond amount to be sufficient as it includes the total amount of the judgment, inclusive of interest, plus an additional 20%.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Davie Shoring, Inc.'s *Ex Parte* Motion to Stay Execution of Judgment (R. Doc. 146) and to Approve Supersedeas Bond [25] is **GRANTED**.

**IT IS FURTHER ORDERED** that the supersedeas bond proffered by Davie in the amount of $281.537.11, secured by RLI Insurance Company as surety on behalf of Davie as principal is **HEREBY APPROVED**.

**IT IS FURTHER ORDERED** that execution upon the April 27, 2023 Amended Final Judgment[26] in favor of Plaintiff, David Weinhoffer, as Liquidating Trustee of Offshore Specialty Fabricators, LLC, and against Defendant, Davie, in the amount of $ 189,250.00, plus interest, is **HEREBY STAYED** pursuant to Fed. R. Civ. P. 62(b), pending disposition of Davie's appeal to the United States Court of Appeals for the Fifth Circuit.

New Orleans, Louisiana, September 13, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[24] *See id.* One hundred and twenty percent of $189,250.00 plus $45,364.26, or, put differently, 120% of $234,614.26, is $281,537.11, the amount of the proposed supersedeas bond.
[25] R. Doc. 156.
[26] R. Doc. 146.